IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jose A. Rodriguez,　　　　　　　　　　　Case No. 3:11 CV 1108

　　　　　　Plaintiff,　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　AND ORDER
　　-vs-
　　　　　　　　　　　　　　　　　　　　JUDGE JACK ZOUHARY
Mark Apple, et al.,

　　　　　　Defendants.

*Pro se* Plaintiff Jose Rodriguez filed this action under 42 U.S.C. § 1983 against Defendants Mark Apple, Kip Lewton, Mike Ackley, Patrick Mormile, and Nate Schiffle. Plaintiff alleges Defendants conducted an unreasonable search and seizure in connection with his arrest for drug trafficking. He seeks monetary damages.

## BACKGROUND

The relevant factual information is adopted from the Ohio Court of Appeals decision affirming Plaintiff's conviction and sentence. *State v. Rodriguez*, 2009 WL 2581902 (Ohio Ct. App. 2009). Plaintiff alleges Apple, an investigator with the Ohio Attorney General's Office, Criminal Division, was working in an undercover capacity on June 1, 2007 when he went to the Meijer's store in Rossford, Ohio with a confidential informant named Saul Ramirez. Ramirez had arranged a meeting with Luis Melendez for the purpose of purchasing marijuana. In the store, Melendez, who was accompanied by Plaintiff, told Apple they had 80 pounds of marijuana for sale for $675. Apple agreed to the price and informed Melendez the money was in a house fifteen minutes away. Plaintiff

was not a part of the discussion about price. After the discussion concluded, however, Plaintiff approached Apple, shook his hand, and stated that everyone should leave as Plaintiff thought there might be police officers nearby.

Plaintiff and his son, Scott Rodriguez, got into a Chevy S-10 pick-up truck. Melendez and another individual, Kyle Tolka, got into a Ford F 150 pick-up truck. Plaintiff alleges Apple and Ramirez got into their vehicle and Apple placed a cellular phone call to Lewton. Plaintiff alleges Lewton is also an investigator with the Ohio Attorney General's Office, Criminal Division, and was conducting surveillance of the Meijer's store parking lot. The three vehicles exited the store parking lot and headed down I-75 towards Bowling Green, Ohio.

Plaintiff alleges Apple placed several cellular calls to Lewton, providing him with information regarding the conversation in the Meijer's store and descriptions of the vehicles being driven by Melendez and Plaintiff. He asserts Apple and Lewton became suspicious of another vehicle (a red jeep) and were uncertain as to the whereabouts of the marijuana. Plaintiff further claims Melendez demanded to see the house where the money was located and only then would he produce the marijuana.

Shortly thereafter, Mike Ackley, a Wood County Sheriff's deputy assisting in the investigation, decided to stop the Chevy S-10 and Ford F 150 trucks. Ackley testified in a suppression hearing before the trial court that he received information that Melendez and Plaintiff had been involved in offering to sell Apple and Ramirez 80 pounds of marijuana. Based on this information, and Apple's descriptions of the two vehicles, Ackley decided to order an investigative stop of the two pick-up trucks. Plaintiff alleges Patrick Mormile, Wood County Sheriff's Deputy, and Nate Schiffle, Bowling Green Police Officer, participated in the investigative stop and search of Plaintiff's vehicle.

Mormile and Schiffle found the marijuana in the Ford F 150 truck driven by Melendez. They searched the Chevy S-10 driven by Plaintiff and found approximately $900 in cash, as well as the registration for the Ford F 150 truck. Significantly, this registration was in Plaintiff's name. On this basis, Plaintiff was arrested and charged with drug trafficking.

Plaintiff was indicted on one count of trafficking in marijuana in an amount exceeding 20,000 grams, a violation of R.C. §§ 2925.03(A)(2) and (C)(3)(f). Plaintiff pled not guilty and filed a pre-trial motion to suppress, arguing the police lacked probable cause to conduct the warrantless stop and search which led to his arrest. The trial court conducted a suppression hearing and thereafter denied Plaintiff's motion to suppress. The case went to trial and a jury found Plaintiff guilty. The trial court sentenced Plaintiff to an eight year prison term.

Plaintiff appealed his conviction and sentence, arguing among other things that the trial court erred in denying his motion to suppress. The court of appeals affirmed. Plaintiff later filed motions for re-sentencing and for access to public records, both of which were denied by the trial court. These rulings were also affirmed on appeal.

Plaintiff then filed this action, claiming Defendants lacked probable cause to effectuate the investigative stop of his Chevy S-10 vehicle. Plaintiff argues he only became aware of the scope of Defendants' allegedly illegal acts in May 2010, when he received a copy of audio recordings from the night of his arrest. Plaintiff argues these recordings demonstrate Defendants did not have probable cause to stop his vehicle. Plaintiff seeks monetary damages for the violation of his civil rights, as well as for the severe emotional distress he claims to have suffered as a result of Defendants' actions.

3

**DISCUSSION**

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

**Fourth Amendment Claim**

Plaintiff claims Defendants conducted an unreasonable and unlawful stop of his Chevy S-10 truck without probable cause in violation of the Fourth Amendment rights (Doc. 1 at ¶ 21). The Fourth Amendment establishes "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures" performed by the government. U.S. Const. Amend. IV. This protection extends to investigatory stops of vehicles. *Terry v. Ohio*, 392 U.S. 1, 9 (1968). An officer complies with the Fourth Amendment if he has reasonable suspicion to believe criminal activity "may be afoot." *United States v. Arvizu*, 534 U.S. 266, 173 (2002). A court makes a reasonable suspicion determination by looking at the totality of the circumstances of each case to see whether the officer has a particularized and objective basis for suspecting legal wrongdoing. *United States v. Cortez*, 449 U.S. 411, 416–18 (1981).

This Court finds Plaintiff cannot file a Section 1983 civil rights action based on the alleged violation of his Fourth Amendment rights in order to collaterally attack his conviction. In *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Supreme Court held that a prisoner may not raise claims in a Section 1983 action if a judgment on the merits of those claims would affect the validity of his

4

conviction and sentence, unless the conviction or sentence had been set aside. Applying this general rule, the Court observed in a footnote that a Section 1983 plaintiff may bring an action for damages resulting from an unreasonable search or seizure without first having the conviction set aside. *Id*. at n.7. The Court noted that, due to doctrines such as harmless error and inevitable discovery, a determination that a search was unlawful would not necessarily always imply the invalidity of the conviction. *Id*. The Court also stated, however, that to recover in such an action, the plaintiff must show an actual compensable injury, and the injury must be distinct of being convicted and imprisoned. *Id*.

While some circuits have interpreted this language in *Heck* as carving out a general exception for Section 1983 claims resting upon alleged Fourth Amendment violations, the Sixth Circuit has emphatically rejected that position and applied *Heck* to Section 1983 claims based on allegedly unreasonable searches and seizures. *See, e.g., Schilling v. White*, 58 F.3d 1081, 1087 (6th Cir. 1995) (finding that a close reading of *Heck* "plainly refutes the argument that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition for this type of Section 1983 suit"); *see also Bell v. Raby,* 2000 WL 356354 at * 6 (6th Cir. 2000).

Plaintiff's conviction has not been overturned or otherwise set aside and it is clear his allegations would call into question the validity of that conviction. Plaintiff claims Defendants lacked probable cause to conduct an investigatory stop and search of his Chevy S-10 truck. If Plaintiff were to be successful in this claim, the fruit of that search (i.e., the car registration establishing Plaintiff's ownership of the Ford F 150 truck that contained the marijuana, and approximately $900 in cash) could be subject to suppression. Under the circumstances of this case, the absence of this key evidence linking Plaintiff to the 80 pounds of marijuana at issue would necessarily imply the invalidity of his

5

conviction. Moreover, Plaintiff's vague claims of emotional injury and distress stem directly from the fact of his conviction. Plaintiff can only succeed on this damages claim if he demonstrates that his conviction was, in fact, unlawful due to the alleged lack of probable cause in stopping and searching his truck.

In light of the above, the Court finds Plaintiff may not assert the claims set forth in his Complaint under Section 1983, as they would implicate the validity of his conviction and sentence, and Plaintiff has not demonstrated his conviction has been set aside.

## CONCLUSION

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                              s/ *Jack Zouhary*
                                            JACK ZOUHARY
                                            U. S. DISTRICT JUDGE

August 30, 2011